IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES LAWS,

        Plaintiff,

  vs.                                Case No. 2:04-CV-466
                                      Judge Sargus
                                      Magistrate Judge King

REGINALD WILKINSON, *et al.*,

        Defendants.

**REPORT and RECOMMENDATION**

Plaintiff James Laws [hereinafter "Plaintiff"], a state prisoner, brings this action under 42 U.S.C. § 1983, alleging that Defendants have violated his rights under the Privileges and Immunities Clause under Article 4, the First Amendment, the due process clause of the Fifth and Fourteenth Amendments, and the Eighth Amendment of the United States Constitution. In addition, Plaintiff also claims that Defendants have violated his rights under the Administrative Procedures Act, 5 U.S.C. §§ 551 *et seq*. Plaintiff names as Defendants, in both their official and individual capacities, the following: Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction [hereinafter "ODRC"]; Cheryl Martinez, Chief Inspector of ODRC; Alan Lazaroff, Warden of the Madison Correctional Institution [hereinafter "MaCI"]; Melony Lewis, Managing Officer of MaCI; Julius Willingham; Joyce Baird, and Steve Perry, members of the Rules Infraction Board [hereinafter "RIB"] at MaCI; Michael O'Day, Corrections Officer at MaCI; Virginia Workman, Inspector of Institutional Services at MaCI; Paul Guyton, Chief of Security at MaCI; and Gregory Bucholtz, Chief Inspector of ODRC. This matter is before the Court on Defendants' motion to dismiss, Doc. No. 21.

**I.     Background**

Plaintiff is an inmate incarcerated at MaCI. He alleges that Defendants have violated his civil rights by retaliating against him for filing administrative complaints. Specifically, Plaintiff alleges that, on April 9, 2003, he filed a complaint against Defendant Officer Michael O'Day [hereinafter "Defendant O'Day"] for closing the day room in violation of post orders given by the Unit Manager. *Complaint,* at ¶ 18. Plaintiff claims that Defendant O'Day retaliated against Plaintiff for filing this administrative complaint by fabricating a conduct report on April 22, 2003, charging Plaintiff with "Disrepect to an Officer." *Id.,* at ¶ 21.[1] Plaintiff further alleges that, on April 23, 2003, Defendant O'Day issued another fabricated conduct report charging "Threats and Disrespect to an Officer." *Id.,* at ¶ 22.[2]

Plaintiff appeared before the RIB on the two charges initiated by Defendant O'Day. *Id.,* at ¶ 23. Plaintiff alleges that he called inmate Lee Crum, who testified that Defendant O'Day fabricated the April 23, 2003, conduct report against Plaintiff. *Id.,* at ¶ 24. Nevertheless, the RIB found Plaintiff guilty of the two infractions. *Id.,* at ¶ 25. Plaintiff claims that he received a verbal reprimand on the April 22, 2003, conduct report and fifteen days in segregation on the April 23, 2003, conduct report.[3] Plaintiff appealed the RIB decision to the managing officer, Defendant Melony Lewis, who affirmed the conviction. *Id.,* at ¶ 29, 36. Plaintiff filed an appeal to Defendant Wilkinson. *Id.,* at ¶ 38. Defendant Wilkinson affirmed this appeal on August 13, 2003. *Id.,* at ¶ 43.

---

[1] Plaintiff claims that Defendant O'Day accused him of saying, "F**k you O'Day" in a low voice. *Id.,* at ¶ 21.

[2] Plaintiff claims that he was accused of stating, "Screw you O'Day, I could get mad and beat your brains out..." *Id.*

[3] As to the fifteen days of segregation, Plaintiff was credited for five days previously served; the remaining ten days were suspended.

2

Plaintiff further alleges that he filed an informal complaint and grievance against Defendant O'Day, which he forwarded to Defendant Virginia Workman, the Inspector of Institutional Services at MaCI, for inappropriate supervision. *Id.,* at ¶ 30. Defendant Workman returned this complaint and grievance to Plaintiff because, she explained, it should have been filed with the chief of security. *Id.,* at ¶ 31. The following day, Plaintiff alleges, he filed a grievance against Defendant Workman for allegedly subverting the grievance process. *Id.,* at ¶ 32. This grievance was ultimately denied by Defendant Martinez, Chief Inspector of ODRC. *Id.,* at ¶ 46. Nevertheless, Plaintiff filed another informal complaint against Defendant O'Day with the chief of security, Defendant Guyton, *Id.,* at ¶ 34, who advised that the complaints against O'Day should be addressed in the appeal from the RIB proceedings. *Id.,* at ¶ 35. Plaintiff also filed a grievance against Defendant O'Day which was denied by Defendant Workman on the basis that Plaintiff had offered insufficient evidence to support the grievance. *Id.,* at ¶ 41. Plaintiff's appeal of this disposition was denied by Defendant Bucholtz. *Id.,* at ¶ 47.

In addition to his claim of retaliation, Plaintiff also alleges that Defendants deprived him of due process and inflicted cruel and unusual punishment by punishing Plaintiff on the basis of a disciplinary charge that Defendants allegedly knew was fabricated. Lastly, Plaintiff alleges that Defendants violated Plaintiff's rights under the privileges and immunities and due process clauses when they denied him an impartial review of his administrative complaints. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.,* at p. 14-15.

**II.     Standard**

Defendants move to dismiss the case pursuant to Rule 12, which provides in relevant part:

3

> Every defense, in law or fact, to a claim for relief in any pleading, whether in a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> \* \* \* \*
>
> (6) failure to state a claim upon which relief can be granted ....

Fed. R. Civ. P. 12(b)(6). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Community Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The complaint may be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Thus, this Court will grant Defendants' motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of an absence of facts or law to support the claims asserted, or if on the face of the complaint there is an insurmountable bar to relief. *See generally, Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

### III. Exhaustion of Administrative Remedies

Defendants take the position that Plaintiff has failed to exhaust his administrative remedies as to all of his claims,[4] as is required by 42 U.S.C. § 1997e(a), which provides that "[n]o action shall

---

[4] Defendants' contention to the contrary notwithstanding, the initial screen of the complaint, Doc. No. 6, did not constitute an implicit dismissal of any claim asserted in the complaint. Likewise, and Plaintiff's contention to the contrary notwithstanding, the initial screen of the complaint does not preclude Defendants from pursuing every defense available to them, including the defense of non-exhaustion.

be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner...until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516 (2002); *Thomas v. Woollum*, 337 F.3d 720, 725 (6th Cir. 2003); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). The United States Court of Appeals for the Sixth Circuit has interpreted this language to require that prisoners filing lawsuits pursuant to § 1983 "allege and show that they have exhausted all available state administrative remedies." *Brown,* 139 F.3d at 1104. "Federal courts should not adjudicate any such claim until after exhaustion unless the complaint satisfies § 1997e(c)(2)." *Id.,* at 1104. The purpose of § 1997e(a) is "to give prison officials the first opportunity to address inmate complaints according to their rules and procedures..." *Thomas*, 337 F.3d at 723. Thus, "the exhaustion requirement simply recognizes that unless a prisoner first presents his or her grievance to the state prison system, what will often be the most efficient mechanism to remedy a violation of federal law will be lost." *Id.* at 726 (citing *Porter*, 534 U.S. at 525).

The United States Court of Appeals for the Sixth Circuit has generally recognized the inmate grievance procedure established by Ohio Admin. Code §5120-9-31 as providing the appropriate administrative remedy for purposes of § 1997e(a). *See generally Freeman v. Francis,* 196 F.3d 641, 644 (6th Cir. 1999); *Wyatt v. Leonard,* 193 F.3d 876, 880 n.2 (6th Cir. 1999). Moreover, an inmate must file a grievance against each defendant he ultimately seeks to sue. *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001). The prisoner has the burden of demonstrating that he has exhausted the appropriate available administrative remedies. *Baxter v. Rose,* 305 F.3d 846, 488 (6th Cir. 2002); *Brown,* 139 F.3d at 1104. To meet this burden, a prisoner should attach the administrative disposition to the §1983 complaint. *Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104. Finally, a

5

prisoner civil rights complaint that contains both exhausted and unexhausted claims must be dismissed without prejudice, in its entirety. *Jones Bey v. Johnson,* 407 F.3d 801 (6th Cir. 2005).

Because Plaintiff has failed to establish that he has exhausted his administrative remedies as to his claims against at least one defendant, the Court concludes that the action must be dismissed. *See Id.*[5]

In his complaint, Plaintiff alleges, *inter alia,* that he filed an informal complaint against Defendant O'Day with the chief of security, Defendant Guyton. *Complaint,* at ¶ 34. Plaintiff asserts that Defendant Guyton denied this complaint on the basis that Plaintiff's grievance against O'Day would be more appropriately addressed in the appeal from the RIB proceeding. *Id.,* at ¶ 35. On the basis of these facts, Plaintiff appears to claim that Defendant Guyton violated his rights under the Administrative Procedures Act, 5 U.S.C. § 551, retaliated against him for exercising his First Amendment right to file an administrative complaint, denied him both procedural and substantive due process, and inflicted cruel and unusual punishment under the Eighth Amendment by subjecting Plaintiff to false and fabricated prison disciplinary conduct reports, convictions and punishments. Plaintiff has wholly failed to demonstrate that he has subjected these claims against this defendant to any appropriate grievance procedure. These claims, at least, are therefore unexhausted.

Because Plaintiff has failed to demonstrate that he has exhausted every claim asserted in this action, the complaint must be dismissed. *See Jones Bey,* 407 F.3d at 806-07.[6]

---

[5] Because dismissal of the entire complaint is mandated under these circumstances, the Court will not consider the remaining arguments presented in Defendants' motion to dismiss.

[6] A prisoner whose "mixed" complaint is dismissed must either wait until all of his claims have been exhausted to file his action, or may file a new action that contains only exhausted claims. *Jones Bey,* 401 F.3d at 808.

Accordingly, it is **RECOMMENDED** that this action be dismissed without prejudice for failure to exhaust available administrative remedies as to each claim, as is required by 42 U.S.C. § 1997e.

If any party seeks reconsideration of this **REPORT and RECOMMENDATION**, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this **REPORT and RECOMMENDATION**, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses and objections must be filed within ten (10) days after being served with a copy hereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the **REPORT and RECOMMENDATION** will result in a waiver of the right to initial *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the **REPORT and RECOMMENDATION**. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

August 17, 2005                                *s/ Norah McCann King*
                                                                     Norah M<sup>c</sup>Cann King
                                                                   United States Magistrate Judge